# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHANETTE JENKINS-PARKS, <br>     Plaintiff, <br><br> v. <br><br> RESURGENT CAPITAL SERVICES, <br>     Defendant. | ) <br> ) <br> ) <br> )     No. 2:25-cv-02209-SHL-tmp <br> ) <br> ) <br> ) <br> ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is Chief Magistrate Judge Tu Pham's Report and Recommendation ("R&R") on pro se Plaintiff Shanette Jenkins-Parks' Complaint, filed July 18, 2025. (ECF No. 8.)

After Jenkins-Parks filed her Complaint against Defendant Resurgent Capital Services ("RCS"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (ECF No. 2), Judge Pham granted Jenkins-Parks leave to proceed in forma pauperis (ECF No. 7). Because Jenkins-Parks is proceeding in forma pauperis, the Court screened the Complaint under 28 U.S.C. § 1915(e)(2). (See ECF No. 8 at PageID 12.) In the screening R&R, the Court concluded that, because Jenkins-Parks failed to state plausible FCRA and FDCPA claims, her Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). (See id. at PageID 21–23.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The parties' deadline to object to the R&R was August 1, and no objections were filed.

As the R&R explains, Jenkins-Parks seems to allege that RCS (1) violated § 1681s-2(b) of the FCRA based on its failure to conduct a reasonable investigation into disputed information and (2) violated § 1692f of the FDCPA, stating that RCS "engaged in unfair and deceptive collection practices by furnishing and maintaining inaccurate information." (ECF No. 8 at PageID 13–14.) According to Jenkins-Parks, she "discovered inaccurate and misleading information on [her] credit report furnished by [RCS], specifically[] [RCS] placed a soft inquiry on [her] credit report but did not list any corresponding account." (Id. at PageID 13.) She alleges that she "disputed the inaccurate information with credit reporting agencies," but that RCS "failed to conduct a reasonable investigation." (Id.) Jenkins-Parks alleges that she suffered "damage to [her] creditworthiness, financial standing, and emotional distress." (Id.)

The R&R first finds that her FCRA claim should be dismissed for failure to state a claim. (Id. at PageID 21.) To plausibly state a § 1681s-2(b) claim, "a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)-(E)." (Id. at PageID 16–17.) The R&R concludes that, although Jenkins-Parks alleges that RCS reported inaccurate information by "placing a soft inquiry on [her] credit report" without listing a corresponding account, she does not allege how the "soft inquiry" comprises inaccurate or misleading information. (Id. at PageID 17.) The R&R also finds that Jenkins-Parks has not alleged that a consumer reporting agency notified RCS of her

2

dispute, which would trigger FCRA duties, or even which consumer agencies she reported her dispute to in the first place. (Id. at PageID 18.)

In the alternative, the R&R considered whether Jenkins-Parks' allegations could lead to a plausible claim under a different FCRA section, specifically § 1681b. (Id. at PageID 14 n.6, 18–19.) A plaintiff bringing an improper use of a credit claim must demonstrate that there was a "consumer report" as defined by the statute, the defendant used or obtained the report without a permissible purpose, and the defendant intended to use the report for that improper purpose. (Id. at PageID 19–20.) However, because Jenkins-Parks' "complaint is limited to a conclusory allegation that RCS accessed her report without listing the corresponding account, without pleading any other factual details in support," the R&R concludes that Jenkins-Parks has also not stated a claim under § 1681b. (Id.)

The R&R also recommends that Jenkins-Parks' FDCPA claim be dismissed because she fails to allege a cause of action under § 1692f. (Id. at PageID 23.) To state a FDCPA claim, Jenkins-Parks must allege that she is a "consumer," "the 'debt' arises out of transactions entered primarily for personal, family or household purposes," RCS is a debt collector under the statute, and RCS violated the FDCPA in attempting to collect a debt. (Id.) The R&R concludes that Jenkins-Parks did not allege any facts identifying a personal debt and, although she alleges that RCS is a debt collector, her conclusory allegation is insufficient to state a FDCPA claim. (Id. at PageID 22.) The R&R also concludes that Jenkins-Parks has not pled any allegations to demonstrate how RCS' alleged "furnishing and maintaining inaccurate information" was "an unfair or unconscionable attempt to collect a debt." (Id. at PageID 23.) Without sufficient allegations, the R&R finds that Jenkins-Parks' FDCPA claim fails as well. (Id.)

Upon review, the R&R includes no clear errors. Therefore, the Court **ADOPTS** the

R&R.  Jenkins-Parks' complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 6th day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
